**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CARL F. HANKINS,**

        **Plaintiff(s),**        **CASE NUMBER: 07-14212
HONORABLE VICTORIA A. ROBERTS**

**v.**

**HSBC BANK USA, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
TROTT & TROTT, P.C.,**

        **Defendant(s).**
                                    /

**ORDER**

This matter is before the Court on Defendants' "Amended Motion for Summary Judgment Pursuant to FRCP 56." (Doc. #22).

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R.

1

Civ. P. 56(e).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.  If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate.  *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

Plaintiff did not file a response to Defendants' motion.  However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded."  *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).  The moving party must always bear the initial burden of demonstrating the absence of a genuine issue of material fact, even if the party fails to respond.  *Id.* at 454-55.  "The court is required, at a minimum, to examine the [Defendants'] motion for summary judgment to ensure that [they have] discharged that burden."  *Id.* at 455.

After reviewing the merits of Defendants' motion, the Court **DISMISSES** Plaintiff's claim under the Fair Debt Collection Practices Act (Count I).  Pursuant to 15 U.S.C. §1692g, a consumer has 30 days after receiving notice of a debt to dispute its validity.  In a letter dated September 25, 2006, Defendant Trott & Trott, P.C. informed Plaintiff of his debt.  Defendants present evidence that Plaintiff did not dispute the debt until February 21, 2007.  Defendants met their burden as to this claim.

Plaintiff's claim that Michigan's foreclosure-by-advertisement statute violates the

2

Fourteenth Amendment (Count II) is also **DISMISSED**. *See Northrip v. Fed. Nat'l Mortgage Ass'n*, 527 F.2d 23 (6th Cir. 1975) (the Fourteenth Amendment does not apply to foreclosures-by-advertisement because no state action is implicated).

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 24, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Carl Hankins by electronic means or U.S. Mail on June 24, 2008.

s/Linda Vertriest
Deputy Clerk